IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADARYLL RYAN WEAVER, | No. 2:15-CV-1427-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| UNKNOWN, et al., | |
| Respondents. | |
| _____/ | |

  Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

  On July 22, 2015, the court dismissed petitioner's petition and directed petitioner to file an amended petition within 30 days. Specifically, petitioner was directed to name the proper respondent. Petitioner was warned that failure to comply may result in dismissal of this action. See Local Rule 110. To date, petitioner has not complied. While petitioner filed an amended petition on August 10, 2015, the amended petition continues to name as respondent an individual over whom this court lacks jurisdiction. On February 22, 2016, the court directed petitioner to show cause in writing why the action should not be dismissed for lack of

prosecution and failure to comply with court rules and orders.  To date, petitioner has not filed a response.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, and in light of petitioner's failure to name the proper respondent as directed, the court finds that dismissal is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1.    This action is dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders; and

2.    The Clerk of the Court is directed to enter judgment and close this file.

DATED: May 17, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE